Daniel M. Cislo, Esq., No. 125,378
*dan@cislo.com*
David B. Sandelands, No. 198,252
david@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 430
Los Angeles, California 90025
Telephone: (310) 979-9190
Telefax: (805) 435-8446

Attorneys for Plaintiff
UGP2, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UGP2, LLC, a California Limited Liability Corporation,

Plaintiff,

vs.

OH Gelato LLC, an Ohio Limited Liability Corporation; and DOES 1-9, inclusive,

Defendants.

CASE NO.

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT;**

**(2) FALSE DESIGNATION OF ORIGIN; AND**

**(3) STATE LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**(4) UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 ET SEQ.**

**DEMAND FOR JURY TRIAL**

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

Plaintiff UGP2, LLC ("Plaintiff" or "UGP2"), by and through its attorneys, hereby alleges as follows.

## NATURE OF THE ACTION

1. Plaintiff UGP2 owns U.S. Trademark Registration No. 3,387,379 for UGO (the "UGO Mark"), for "restaurants, cafes, catering." A true and correct copy of the registration is attached as Exhibit A.

2. Plaintiff owns and operates restaurants and cafes in Southern California and this judicial district, where gelato is a featured menu offering.

3. This action arises from Defendant Oh Gelato, LLC's ("Defendant" or "Oh Gelato") unauthorized use of "UGO" as the dominant portion of its "uGOgelato" mark in connection with a gelateria, gelato, and closely related food, beverage, restaurant, and cafe goods and services.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., including 15 U.S.C. §§ 1114 and 1125(a).

5. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)

6. This Court has supplemental jurisdiction over Plaintiff's California-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal trademark claims.

7. Defendant is subject to specific personal jurisdiction in California because it purposefully directed activities toward California and engaged in conduct within California directly related to the trademark and commercial activities at issue in this action.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## THE PARTIES

9. Plaintiff UGP2 is a California limited liability company with its principal place of business located at 3865 Cardiff Ave, Culver City, California 90232.

10. Plaintiff UGP2 owns and operates, and/or licenses and controls, restaurant and cafe businesses, which feature gelato as a menu item, under the UGO Mark in Southern California.

11. On information and belief, Defendant Oh Gelato is organized under the laws of the State of Ohio and maintains its principal place of business at 1733 Elm Street, Cincinnati, Ohio 45202.

12. Defendant operates a gelateria at Cincinnati's Findlay Market under the name and mark "uGOgelato."

13. On information and belief, Maria Liliana Biondo ("Biondo") is Defendant's founder, owner, principal, and/or operator and has acted on Defendant's behalf in operating and promoting the uGOgelato business.

14. The defendants named as Does 1 through 9, inclusive, are unknown to Plaintiff UGP2, which therefore sues them by fictitious names. UGP2 is informed and believes, and on that basis alleges, that each Doe defendant is responsible in some manner for the acts and events alleged herein. UGP2 will amend this Complaint to allege the Doe defendants' true names and capacities when ascertained.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

15. Plaintiff UGP2 is informed and believes, and on that basis alleges, that Defendant Oh Gelato and Does 1 through 9 advertise, sell, distribute, and/or manufacture products or provide services under marks that are the same as or confusingly similar to UGP2's mark, in violation of federal and state trademark and unfair-competition laws.

16. Plaintiff UGP2 is informed and believes, and on that basis alleges, that in committing the acts alleged herein, Defendant Oh Gelato and Does 1 through 9, inclusive, acted as the actual, implied, or ostensible agents, servants, employees, partners, joint venturers, alter egos, and/or co-conspirators of one another, and acted within the course and scope of those relationships. UGP2 further alleges on information and belief that each Defendant committed, authorized, consented to, and/or ratified the acts or omissions alleged herein.

**PLAINTIFF'S UGO MARK AND BUSINESS**

17. Plaintiff's application to register UGO for "restaurants, cafes, catering" in International Class 43 was filed on October 11, 2006. The mark was registered on the Principal Register on February 26, 2008. The registration claims July 1, 2003, as the date of first use and first use in commerce. A true and correct copy of the registration certificate and/or current USPTO registration record is attached as Exhibit A.

18. In 2014, the United States Patent and Trademark Office acknowledged a declaration of incontestability under Section 15 of the Lanham Act. The registration has been renewed and remains valid and subsisting.

19. Plaintiff has used UGO in connection with Italian restaurant, cafe and catering services and the sale of food and beverages, including gelato—a featured menu item. Plaintiff currently operates UGO-branded restaurants and cafes in

Southern California. Its use of UGO in connection with gelato substantially predates Defendant's use of uGOgelato.

20. Plaintiff has invested substantial time, effort, and resources in developing goodwill in the UGO Mark. Through longstanding use and promotion, consumers have come to associate UGO with Plaintiff's restaurants, cafes, and related food and beverage offerings.

**DEFENDANT'S ADOPTION AND USE OF uGOgelato**

21. Defendant operates a gelateria at Findlay Market in Cincinnati, Ohio, where it sells artisan gelato and related food and beverage products under the designation "uGOgelato." Its Findlay Market operation opened in approximately 2022.

22. Defendant uses UGO as a prominent, source-identifying component of "uGOgelato." The remaining word, "gelato," names a product offered by both parties.

23. Defendant adopted the designation after Plaintiff began using UGO and after Plaintiff obtained its federal registration. On information and belief, Defendant began developing and/or using uGOgelato no earlier than approximately 2016.

24. Defendant advertises and promotes its business and products at ugogelato.com and has continued using the accused designation despite Plaintiff's prior federal trademark rights.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

**DEFENDANT'S USE AND PROMOTION OF uGOgelato**

**IN CALIFORNIA**

25. In September 2023, Biondo participated on Defendant's behalf in the Gelato Festival World Masters North American semifinal competition in Los Angeles. Publicly identified as the owner of uGOgelato of Cincinnati, she showcased Defendant's Mandorland gelato and placed third. A September 15, 2023, Cincinnati CityBeat article reporting on the event is attached as Exhibit B.

26. In August 2025, Biondo again represented uGOgelato at a Gelato Festival World Masters competition in Los Angeles, showcased Mandorland gelato, and placed in the top three. A September 4, 2025, Cincinnati CityBeat article reporting on that event is attached as Exhibit C.

27. Through these two appearances approximately two years apart, Defendant's principal physically entered this District on Defendant's behalf and presented its gelato while publicly identified with the accused designation. The appearances took place in the same geographic market where Plaintiff operates UGO restaurants and cafes.

28. Plaintiff's claims arise out of and relate to Defendant's California activities: Defendant used and promoted the challenged designation here in connection with the same type of product that Plaintiff has long offered under the UGO Mark.

29. Defendant thus has deliberately entered this District on at least two occasions approximately two years apart, each time participating in a public gelato competition while identified as uGOgelato and presenting Defendant's gelato.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

30. These repeated California activities involved the very business name and designation challenged in this action and the same product category with which Plaintiff has long used its UGO Mark.

31. Defendant used and promoted the accused designation in California in the same geographic market where Plaintiff is headquartered and has long operated UGO restaurants and cafes.

32. On November 12, 2025, Plaintiff sent Defendant a cease-and-desist letter advising Defendant of Plaintiff's rights in the UGO Mark and U.S. Trademark Registration No. 3,387,379 and demanded that Defendant cease using UGO in connection with gelato or restaurant services. A true and correct copy of the letter is attached as Exhibit D. The parties engaged in discussions during November and December 2025, but no agreement was reached, and Plaintiff has received no further communication from Defendant since December 2025.

33. At no time since receiving the cease and desist letter has Defendant Oh Gelato stopped using Plaintiff's mark. Therefore, Plaintiff is entitled to enhanced damages from November 12, 2025 onward, if not earlier.

## LIKELIHOOD OF CONFUSION

34. Defendant's use of uGOgelato is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, connection, or approval of Defendant's goods, services, and business.

35. The parties' marks are highly similar because Defendant's designation incorporates Plaintiff's UGO Mark in its entirety.

36. Adding the generic term "gelato" does not adequately distinguish Defendant's designation from Plaintiff's UGO Mark; instead, it describes a product offered in connection with both parties' businesses.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

37. The parties' goods and services are identical and/or closely related. Plaintiff's federal registration expressly covers restaurants and cafes, while Defendant operates a retail gelateria offering gelato and related food and beverage products.

38. Plaintiff has itself long sold gelato in connection with its UGO restaurants and cafes.

39. The parties market their goods and services to overlapping classes of ordinary consumers seeking gelato, cafe products, desserts, food, and beverages.

40. The goods and services at issue include relatively inexpensive consumer purchases for which purchasers ordinarily exercise a comparatively modest degree of care.

41. Accordingly, consumers encountering uGOgelato are likely to believe incorrectly that Defendant's business is a UGO gelato business, an extension of Plaintiff's UGO brand, or a business sponsored by, affiliated with, licensed by, or approved by Plaintiff.

**INJURY TO PLAINTIFF UGP2**

42. Defendant Oh Gelato is not a licensee of Plaintiff UGP2's UGO mark. Nor is Oh Gelato in any other way affiliated or associated with UGP2 or authorized to use the UGO mark.

43. Plaintiff UGP2 has no control over the nature and quality of the gelato products or cafe services sold or provided by Defendant Oh Gelato using a mark the same as, or confusing similar to, the UGO mark. Likewise, UGP2 has no control over the quality of customer service offered by Defendant, and further has no control over the satisfaction guaranty, if any, offered by Defendant in connection with the products it sells using Plaintiff's UGO mark. Plaintiff UGP2's business

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

goodwill with respect to the UGO mark has suffered as a result of Defendant's actions and is presently at the mercy of Defendant.

44. Plaintiff UGP2 has developed its goodwill among consumers of restauruant and cafe services and gelato products over a period in excess of 23 years by supplying high quality, innovative, and popular menu items at its restuarants and stores. Defendant Oh Gelato with its unlicensed UGO branded gelato is now free riding on the back of UGP2's hard-earned goodwill and is irreparably damaging that goodwill in the process.

45. Defendant Oh Gelato's wrongful, unauthorized use of UGP2's UGO mark, if permitted to continue, will irreparably harm UGP2, its mark, reputation, and business goodwill. Defendant's wrongful use of the UGO mark dilutes the strength of the mark and tarnishes the image and reputation of UGP2 among consumers of restaurant, cafe and gelato products.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement — 15 U.S.C. § 1114)

46. Plaintiff incorporates by reference paragraphs 1-45 as though fully set forth herein.

47. Plaintiff UGP2 owns valid and enforceable U.S. Trademark Registration No. 3,387,379 for UGO. Plaintiff's mark is inherently distinctive, has acquired secondary meaning, and is now incontestable. The relevant consuming public of gelato and restaurant and café services associates this mark exclusively with UGP2's products.

48. Defendant Oh Gelato has used and continues to use the confusingly similar uGOgelato designation in commerce without Plaintiff's consent.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

49. Defendant uses the accused designation in connection with the sale, offering for sale, distribution, advertising, and promotion of goods and services identical and/or closely related to those identified in Plaintiff's federal registration.

50. Defendant Oh Geloto's unauthorized use of the mark, or colorable imitations thereof, or confusingly similar marks, to promote and sell gelato products is likely to cause confusion and mistake and to deceive consumers into believing that Defendant's products are made under license from Plaintiff.

51. Defendant's unauthorized use of its confusingly similar uGOgelato mark is likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

52. The acts of Defendant Oh Gelato as described above infringe Plaintiff's federally registered UGO mark with consequent damage to Plaintiff's business reputation and to the goodwill symbolized by the marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53. Plaintiff has suffered injury to its trademark rights and goodwill and, unless Defendant is enjoined, will continue to suffer injury for which there is no adequate remedy at law.

54. As a direct result of Defendant Oh Gelato's conduct, Plaintiff UGP2 has suffered injury to its reputation and business goodwill. Consequently, UGP2 seeks injunctive relief, an award of money damages for past infringement, and its attorneys' fees and costs of suit.

55. On November 12, 2025, Plaintiff sent Defendant a cease-and-desist letter advising Defendant of Plaintiff's rights in the UGO Mark and U.S. Trademark Registration No. 3,387,379 and demanded that Defendant cease using the UGO

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

mark in connection with gelato or restaurant services. At no time since receiving the cease and desist letter has Defendant Oh Gelato stopped using Plaintiff's mark.

56. Therefore, "An award of Plaintiff's damages, Defendant's profits, and any increase in damages the Court finds appropriate under 15 U.S.C. § 1117(a)."

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a))**

57. Plaintiff incorporates by reference paragraphs 1-56 as though fully set forth herein.

58. Defendant's use in commerce of uGOgelato in connection with its goods, services, and commercial activities constitutes the use of a word, term, name, symbol, device, and/or false designation of origin likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities.

59. Defendant's acts therefore constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

60. Plaintiff UGP2 was the first to use the UGO mark in commerce for restaurant, cafe and catering services and has used its UGO mark in California and this judicial district for 23 year in connection with the provision of restaurant, cafe and catering services featuring gelato as a principal menu item. UGP2's UGO trademark is distinctive and distinguish its restaurant and cafe service and gelato products from those of its competitors.

61. Defendant Oh Gelato's unauthorized use of UGP2's marks, or colorable imitations thereof, or confusingly similar marks, is likely to cause

consumers to mistakenly believe that Defendant is licensed by or has an affiliation with UGP2 or that Defendant's gelato products and cafe services are sponsored or approved by UGP2 or that Defendant is otherwise associated with UGP2. Upon information and belief Defendant's activities have caused actual consumer deception in the marketplace.

62. By using UGP2's uGOgelato marks, or colorable imitations thereof, or confusingly similar marks in promoting its cafe services and gelato products Defendant Oh Gelato has made and is making false, deceptive, and misleading statements constituting false representations made in connection with products sold in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendant Oh Gelato's willful acts of unfair competition are likely to cause, and upon information and belief have caused and are causing, great and irreparable injury to Plaintiff UGP2 and it's UGO marks and to the business reputation and goodwill represented thereby. Unless Defendant is restrained, UGP2 will have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts of deception are allowed to continue.

64. As a direct result of Defendant Oh Gelato's willful conduct, Plaintiff UGP2 has suffered injury to its reputation and business goodwill. Consequently, UGP2 seeks injunctive relief, an award of money damages for past infringement, and its attorneys' fees and costs of suit.

///

///



CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition — California Business & Professions Code § 17200 et seq.)**

65. Plaintiff incorporates by reference the paragraphs 1-64 as though fully set forth herein.

66. Defendant's acts of trademark infringement and unfair competition constitute unlawful and unfair business acts or practices within the meaning of California Business & Professions Code § 17200 et seq.

67. Defendant's conduct has caused and threatens to continue causing injury to Plaintiff and its business and goodwill.

68. Plaintiff is entitled to appropriate relief under California Business & Professions Code § 17200 et seq., including injunctive relief and restitution to the extent available and proven.

**FOURTH CLAIM FOR RELIEF**

**(California Common-Law Trademark Infringement and Unfair Competition)**

69. Plaintiff incorporates by reference paragraphs 1-68 as though fully set forth herein.

70. Plaintiff possesses protectable rights in the UGO Mark through its 23 years of use of the mark in commerce in California and this district. Plaintiff was the first to use the UGO mark in commerce in connection with restaurant, cafe and catering services.

71. Defendant's unauthorized use of the confusingly similar uGOgelato designation in connection with identical and closely related goods and services is likely to cause confusion, mistake, or deception.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

72. Defendant Oh Gelato's acts constitute common law trademark infringement and unfair competition in violation of California Business and Professions Code §§ 17200 and 17203.

73. Plaintiff UGP2 is informed and believes that the acts of unfair competition undertaken by Defendant Oh Gelato were intentionally and knowingly undertaken with the express intent of trading on the goodwill associated with UGP2's UGO mark and were done with a willful disregard for the rights of UGP2.

74. As a direct result of Defendant Oh Gelato's acts of unfair competition, Plaintiff UGP2 has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

75. In doing the acts alleged, Defendant Oh Gelato acted with careless disregard for Plaintiff's rights and, as such, Plaintiff UGP2 is entitled to an injunction against further trademark infringement by Defendant, as well as an award of money damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UGP2, LLC respectfully requests judgment in its favor and against Defendant as follows:

A. Adjudging that Defendant's use of uGOgelato infringes Plaintiff's rights in the UGO Mark and violates 15 U.S.C. §§ 1114 and 1125(a);

B. Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, representatives, attorneys, successors, assigns, and all persons acting in active concert or participation with them who receive actual

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

notice of the injunction from using UGO, uGOgelato, UGO GELATO, or any other mark, name, designation, domain name, social-media identifier, or other designation confusingly similar to Plaintiff's UGO Mark in connection with Defendant's goods or services;

C. Ordering Defendant to cease using ugogelato.com and any other domain names or social-media identifiers incorporating UGO to the extent authorized by applicable law and the relief proven at trial;

D. Ordering Defendant to remove or destroy infringing signs, labels, advertisements, promotional materials, packaging, and other materials bearing the infringing designation, as authorized by 15 U.S.C. § 1118;

E. Awarding Plaintiff Defendant's profits, Plaintiff's damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a), subject to proof and the principles of equity;

F. Awarding enhanced damages and/or profits to the extent authorized by 15 U.S.C. § 1117 and warranted by the evidence;

G. Awarding Plaintiff its reasonable attorneys' fees upon a determination that this is an exceptional case under 15 U.S.C. § 1117(a);

H. Awarding prejudgment and post-judgment interest as permitted by law;

I. Granting appropriate relief under California Business & Professions Code § 17200 et seq.; and

///

///

///

J. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: October 26, 2026 By: /s/Daniel M. Cislo

Daniel M. Cislo, Esq.
David B. Sandelands, Esq.

Attorneys for Plaintiff
UGP2, LLC

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 430
12100 Wilshire Blvd.
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

**DEMAND FOR JURY TRIAL**

Plaintiff UGP2, LLC hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Respectfully submitted,
CISLO & THOMAS LLP

Dated: October 26, 2026

/s/Daniel M. Cislo
Daniel M. Cislo, Esq.
David B. Sandelands, Esq.

Attorneys for Plaintiff
UGP2, LLC